AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
OCT 1 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. **19MJ4253**
)
(1) One Apple iPhone 8, )
IMEI Number 358708090987211 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-2

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. 952, 960, & 963 | Importation of a Controlled Substance, Conspiracy to Import a Controlled Substance |

The application is based on these facts:
See attached affidavit of Special Agent Brian Ficucell ~~Enrique Martinez~~

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Ficucell, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/1/19

_____
Judge's signature

City and state: San Diego, California        Hon. Michael S. Berg, United States Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: | Case Number: |
| **(1) One Black ZTE Cell Phone Model Z855 Serial Number 320584476794** | ) AFFIDAVIT OF SPECIAL ) AGENT BRIAN FICUCELL ) IN SUPPORT OF SEARCH ) WARRANTS |
| **(2) One Apple iPhone 8 IMEI Number 358708090987211** | ) ) ) ) |

## AFFIDAVIT

I, Brian Ficucell, Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI), having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by HIS Special Agents for the following target property: one (1) black ZTE cell phone, Model Z855, Serial Number 320584476794 (**"Subject Telephone #1"**) and one (1) Apple iPhone cell phone, IMEI Number 358708090987211 (**"Subject Telephone #2"**). Both cell phones were seized on July 25, 2019 from CYNTHIA CANO ("CANO") at the San Ysidro, CA Port of Entry. The cell phones are as follows:

2. **Subject Telephone #1** and **Subject Telephone #2** were seized from CANO when Customs and Border Protection Officers ("CBPOs") encountered CANO at the San Ysidro, California Port of Entry on July 25, 2019. CANO was the driver of a gray 2002 Volkswagen Beetle bearing California license plate number

1

8FOY042. Upon inspection of the vehicle, CBPOs discovered 44 packages of methamphetamine, totaling approximately 21.16 kilograms (46.55 pounds), concealed in the gas tank, driver side quarter panel, and passenger side quarter panel of the vehicle. I believe that **Subject Telephone #1** and **Subject Telephone #2** were used by CANO to communicate with co-conspirators during the drug smuggling event. CANO has been charged with importation of a controlled substance (methamphetamine) in the Southern District of California. Probable cause exists to believe that **Subject Telephone #1** and **Subject Telephone #2** contain evidence relating to violations of Title 21, United States Code Sections 952, 960 and 963. **Subject Telephone #1** and **Subject Telephone #2** are currently in an evidence vault located at 2255 Niels Bohr Court, San Diego, CA 92154.

3. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the items to be seized set forth in Attachment B will be found in **Subject Telephone #1** and **Subject Telephone #2**, as further described in Attachments A-1 and A-2. These items may be or lead to: (1) evidence of the existence of drug trafficking in violation of Title 21, United States Code Sections 952, 960 and 963; and (2) property designed or intended for use, or which is or has been used as a means of committing criminal offenses. Because this affidavit is made for the limited purpose of obtaining search warrants for **Subject Telephone #1** and **Subject Telephone #2**, it does not contain all the information known by me or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

## EXPERIENCE AND TRAINING

4. I am a law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

I am also a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am authorized under Rule 41(a) to make applications for search and seizure warrants and to serve arrest warrants. I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

5. I have been an HSI Special Agent since June 2011. I am currently assigned to a Contraband Smuggling group in San Ysidro, Southern District of California, that focuses on the importation of controlled substances on the Southwest Border. I am cross-designated and have the authority to conduct Title 21 investigations and enforcement activities. I have been involved with investigations for Title 21 offenses working closely with other agencies, including the U.S. Drug Enforcement Administration (DEA) and multiple state and local agencies. Prior to working for HSI, I was a United States Postal Inspector for five years.

6. As a federal law enforcement officer for 13 years, I have received formal training, as well as extensive on-the-job training, relating to the investigation of narcotics trafficking, bulk cash smuggling, and other techniques used for contraband smuggling. I have investigated illicit narcotics, controlled substances, and other crimes that have resulted in arrests, indictments, and convictions. While participating in these and other criminal investigations, I have executed search warrants on cell phones, residences and vehicles. As a result of these investigations, I have become familiar with methods and techniques used by narcotics traffickers to import narcotics into the U.S. and distribute those narcotics within the U.S.

7. During my tenure with HSI, I have participated in numerous investigations relating to narcotics smuggling, and I have also received specific training in the methods used by narcotics traffickers to import and distribute drugs, including training regarding the use of cellular phones and other electronic devices

by narcotics traffickers to operate large distribution networks.

8. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cell phones to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involved in the smuggling and trafficking of narcotics generate many types of evidence, including, but not limited to, cell phone related evidence, such as text messages. This is particularly true in cases involving distributable quantities of hard narcotics, such as cocaine, heroin, and methamphetamine. Typically, load drivers smuggling narcotics across the border from Mexico into the United States are in phone contact with co-conspirators immediately prior to and following the crossing of the load vehicle, at which time they receive instructions on how to cross and where and when to deliver the controlled substances. Narcotics smugglers and their organizations use cell phones, in part, because these individuals believe law enforcement is unable to track the originating and destination phone numbers of calls placed to and from cell phones.

9. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

    a. Drug smugglers will use cell phones because they are mobile, and they have instant access to telephone calls, text, web, and voice messages;

    b. Drug smugglers will use cell phones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

    c. Drug smugglers and their accomplices will use cell phones

because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

   d. Drug smugglers will use cell phones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo;

   e. Drug smugglers will use cell phones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings; and

   f. The use of cell phones by smugglers tends to generate evidence that is stored on the cell phones, including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

10. Based upon my training and experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that phones can and often do contain electronic records, phone logs and contacts, voice and text communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within SIM cards, disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience investigating these conspiracies that searches of phones can yield evidence:

   a. tending to identify attempts to import methamphetamine or some other controlled substance from Mexico into the United States;

   b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–

used to facilitate the smuggling of methamphetamine or some other controlled substance from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in smuggling methamphetamine or some other controlled substance from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the smuggling of methamphetamine or some other controlled substance from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

11. Information contained in this affidavit is based upon reviews of official reports and records, upon conversations with other HSI Special Agents, and my personal observations and knowledge. When the contents of documents or statements of others are reported herein, they are reported in substance and in part unless otherwise indicated.

## FACTS SUPPORTING PROBABLE CAUSE

12. On July 25, 2019, at approximately 4:10 p.m., CANO applied for entry into the United States from Mexico at the San Ysidro Port of Entry in San Ysidro, California. CANO was the driver of a gray 2002 Volkswagen Beetle bearing California license plate number 8FOY042 ("the vehicle"). CANO was accompanied by her juvenile daughter. CBPOs were conducting pre-primary operations when they encountered CANO and asked her where she was going, if she was the registered

6

owner of the vehicle, and to turn off the vehicle. CANO turned off the vehicle and stated she was going home to Los Angeles, California. She said she was the owner of the vehicle, but it was not registered yet. CBPOs observed a strong air freshener odor coming from the inside of the vehicle. A CBPO tapped the gas tank, which felt harder than normal. CANO told CBPOs she had nothing to declare.

13. A Human and Narcotics Detector Dog then screened the vehicle and alerted to the rear seat of the passenger side undercarriage of the vehicle. CBPOs operating the Z-Portal X-Ray machine observed anomalies in the driver and passenger side quarter panels. A full inspection revealed 44 packages concealed in the gas tank, passenger side quarter panel, and driver side quarter panel of the vehicle. The total weight of the packages was 21.16 kilograms (46.55 pounds), the contents of which field tested positive for the characteristics of methamphetamine.

14. CANO was arrested for violating 21 U.S.C. §§ 952 and 960, Importation of Controlled Substances.

15. At the time of CANO's arrest, CBPOs collected and seized **Subject Telephone #1** and **Subject Telephone #2** from CANO.

16. A review of CANO's crossing history revealed that since January 1, 2019, CANO had crossed into the United States from Mexico on four separate occasions. Three of those four crossings occurred in the week leading up to her arrest. During that week, CANO crossed in the 2002 Volkswagen, as well as in another vehicle bearing California license plate number 6PFV725.

17. Based upon my experience and investigation in this case and others, I believe that CANO, as well as other persons yet unknown, were involved in an on-going conspiracy to import methamphetamine or some other prohibited narcotics and to distribute those prohibited narcotics within the United States. Based on my investigation of drug importation and distribution conspiracies, telephone contact

with smugglers can begin months or weeks before drugs are loaded in the car. **Subject Telephone #1** and **Subject Telephone #2** were likely used in furtherance of the importation conspiracy during this period.

18. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, text messages, email messages, messages and posts from social networking sites like Facebook, pictures and other digital information are stored in the memory of their cell phones. This type of information would be stored on **Subject Telephone #1** and **Subject Telephone #2**. Given these facts, I respectfully request permission to search **Subject Telephone #1** and **Subject Telephone #2** for data beginning on January 1, 2019 up to and including July 25, 2019.

## SEARCH METHODOLOGY

19. It is not possible to determine, merely by knowing the cell phones' make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cell phone and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cell phones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cell phone

models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20. Following the issuance of this warrant, I will collect **Subject Telephone #1** and **Subject Telephone #2** and subject them to analysis. All forensic analysis of the data contained within the telephone and its memory card(s) will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

22. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that CANO used **Subject Telephone #1** and **Subject Telephone #2** to facilitate the offense of importation of a controlled substance. **Subject Telephone #1** and **Subject Telephone #2** were likely used to facilitate the offenses by transmitting and storing data, which constitutes evidence of a crime, or property designed or intended for use, or which is or has been used as a means of committing criminal offenses of violations of Title 21, United States Code, Sections 952, 960 and 963.

9

23. Because **Subject Telephone #1** and **Subject Telephone #2** were promptly seized at the time CANO was arrested and have been securely stored, there is probable cause to believe that evidence of illegal activity committed by CANO continues to exist on **Subject Telephone #1** and **Subject Telephone #2**. For the reasons detailed above, I believe the appropriate range for the searches is from January 1, 2019 to July 25, 2019.

24. Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth in Attachment B are likely to be found in the property to be searched described in Attachments A-1 and A-2. Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with Homeland Security Investigations, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A-1 and A-2, and seize the items listed in Attachment B.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Brian Ficucell
Special Agent, HSI

Subscribed and sworn to before me this 5th day of October, 2019.

_____
HON. MICHAEL S. BERG
United States Magistrate Judge

10

## ATTACHMENT A-1

### PROPERTY TO BE SEARCHED

One black ZTE cellular telephone, Model Z855, Serial: 320584476794 (**Subject Telephone #1**) seized from Cynthia CANO.

**Subject Telephone #1** is currently in an evidence vault located at 2255 Niels Bohr Court, San Diego, CA 92154.

## ATTACHMENT A-2

### PROPERTY TO BE SEARCHED

One Apple iPhone 8 cellular telephone, IMEI Number 358708090987211 (**Subject Telephone #2**) seized from Cynthia CANO.

**Subject Telephone #2** is currently in an evidence vault located at 2255 Niels Bohr Court, San Diego, CA 92154.

## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the cellular phones described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular phone for evidence described below. The seizure and search of the cellular phone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular phone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 1, 2019, up to and including July 25, 2019:

a. tending to indicate efforts to import methamphetamine, or some other federally controlled substance, from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the **Subject Telephone #1** and **Subject Telephone #2**; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 952, 960, and 963.**